UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BURR,

                Petitioner,                Case No. 1:10-cv-876

v.                                          Honorable Robert Holmes Bell

MICHIGAN PAROLE BOARD
et al.,

                Respondents.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated at the Charles Egeler Reception and Guidance Center. He was convicted in the Kalamazoo County Circuit Court of receiving and concealing stolen property, for which he was sentenced on May 21, 2007, to imprisonment of one to five years. On March 20, 2008, Petitioner was released on parole. Petitioner absconded from parole on May 13, 2008 and a parole violation warrant was issued on May 15, 2008. (*See* Parole Violation Warrant, Exhibit 1, Page ID#7). On June 29, 2008, Petitioner was arrested on new charges in Indiana. According to Petitioner, the Michigan Department of Corrections (MDOC) was aware of his arrest and immediately placed a hold on him. Petitioner was convicted of the Indiana charges and was sentenced on December 15, 2008, to a four-year prison term.

On June 15, 2010, shortly before Petitioner was scheduled for release on parole in Indiana, he was served with the parole violation warrant. Petitioner contends that the MDOC violated his due process rights by waiting almost two years, from June 29, 2008 until June 15, 2010, to execute the warrant. Petitioner contends that the MDOC should have immediately executed the parole violation warrant when he was arrested on June 29, 2008, so that he could have served the sentence resulting from the parole violation at the same time as his Indiana sentence. Petitioner also claims that some of the parole violation charges were premised upon the same conduct as the Indiana charges for which he was sentenced and served two years in prison, thus violating his Fifth Amendment right against double jeopardy.

Petitioner had a hearing before the Michigan Parole Board on July 14, 2010. At the hearing, Petitioner pleaded guilty to ten of the thirteen probation violation charges and pleaded not guilty to the remaining three charges. (*See* Parole Violation: Notice and Plea, Exhibit 1, Page

ID#10.) Petitioner expected to be appointed legal counsel for the remaining three charges, but they were dismissed by the parole board. On July 30, 2010, the parole board issued a notice of decision continuing Petitioner's parole for twelve months. (*See* Parole Board Notice of Action, Exhibit 1, Page ID#8.) Petitioner contends that the notice of action contained only two, rather than the requisite three signatures in violation of Michigan law and his due process rights.

For relief, Petitioner seeks credit for the two years he served in Indiana and to be released as soon as possible, but not later than March 20, 2012.

## **Discussion**

In *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972), the Supreme Court held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. In defining those minimal due process protections, the Supreme Court recognized two important stages in the parole revocation process - the preliminary hearing and the revocation hearing. *Id.* at 485. The Court stated that a preliminary hearing should be held promptly after the alleged parole violation or arrest to determine whether probable cause exists to hold the parolee for a revocation hearing. *Id.* at 485-87. If probable cause is found to exist, the parolee has a right to a hearing prior to a final decision on revocation by the state parole authority. *Id.* at 487-88. Due process requires only that the final revocation hearing be held and a final determination be issued within a "reasonable time." *See Morrissey*, 408 U.S. at 488.

Petitioner claims that the MDOC violated his due process rights by waiting from the time he was taken into custody in Indiana on June 29, 2008 until June 15, 2010, to execute the parole violation warrant. However, Petitioner's right to timely revocation hearing was not triggered until he was taken into custody on the warrant. *See Moody v. Daggett*, 429 U.S. 78 (1976) (parolee's

liberty interest is not affected until his parole violation warrant is executed); *see also Cotten v. Davis*, 215 F. App'x 464 (6th Cir. 2007) (petitioner did not have due process right to timely heating on parole revocation following issuance of parole violation warrant; rather, right to timely revocation hearing was not triggered until he was taken into custody on warrant). Consequently, Petitioner's right to a timely revocation was triggered when the parole violation warrant was executed on June 15, 2010. The parole board's decision to continue Petitioner's parole was issued less than two months later on August 5, 2010, which was a reasonable time after the parole violation warrant was executed.

Petitioner further claims that after he pleaded guilty to ten of the thirteen probation violation charges, the parole board should have appointed counsel and held hearing on the three remaining charges so that Petitioner could raise the issues presented in his habeas petition and ask for credit for the time he served in Indiana. While the Supreme Court recognized a due process right to counsel under some circumstances at parole revocation hearings, *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), Petitioner clearly was not entitled to the appointment of counsel because the parole board dismissed the remaining three charges.

In addition, Petitioner claims that his due process rights were violated when the parole board's notice of action continuing his parole contained only two, rather than the requisite three signatures required by Michigan law. In support of his claim, Petitioner cites *Lee v. Rios*, 360 F. App'x 625 (6th Cir. 2010). In that case, the petitioner claimed that the Federal Parole Commission violated federal regulations governing parole considerations in denying his parole. The Sixth Circuit held the parole commission's failure to obtain the proper number of signatures for the parole decision warranted sending the case back to the commission to conduct a new parole hearing. *Id.*

at 629-30. Lee was a federal prisoner and his case concerned an alleged violation of federal law. Because Petitioner is a prisoner in the custody of the MDOC, the number of signatures required for a parole decision is a matter of Michigan law. A federal court may not issue a writ of habeas corpus "on the bases of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Accordingly, Petitioner's claim is not cognizable for purposes of federal habeas corpus review.

Petitioner's double jeopardy claim also is without merit. Petitioner essentially claims that the parole violation charges violated the Double Jeopardy Clause because he already was penalized for the same conduct when he served his sentence in Indiana. The federal courts have consistently held that double jeopardy does not apply to the revocation of parole. *Wilson v. Mitchell*, 61 F. App'x 944, 946 (6th Cir. 2003) (citing cases); *see also Ellick v. Perez*, 27 F. App'x 489, 490 (6th Cir. 2001) ("Parole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause"). Petitioner, therefore, fails to state a claim upon which relief may be granted.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: November 3, 2010     /s/ Robert Holmes Bell
                            ROBERT HOLMES BELL
                            UNITED STATES DISTRICT JUDGE